# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN D. JOHNSON,<br><br>           Petitioner,<br><br>     v.<br><br>JAMES WALKER, Warden,<br><br>           Respondent. | 1:09-CV-00019 LJO GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br>[Doc. #12]<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S MOTION TO AMEND<br>[Doc. #11] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, Hon. John J. Gallagher presiding, following his conviction by jury trial on November 2, 1999, of two counts of unlawful use of force resulting in serious bodily injury (Cal. Penal Code § 243(d)) and two counts of unlawful use of force resulting in injury to an emergency medical technician (Cal. Penal Code § 243(c)). (Ex. A.[1]) The jury also found true the allegations that Petitioner personally inflicted serious bodily injury within the meaning of Cal. Penal Code §§ 667, 1192.7. (Ex. A.)  Petitioner was sentenced to serve two

---

[1] "Ex" refers to the exhibits filed by Respondent with his motion to dismiss.

1  indeterminate term of 25 years to life in state prison, to be served concurrently. (Ex. A.)

2        Petitioner appealed the judgment to the California Court of Appeals, Fifth Appellate District.
3  On January 9, 2002, the appellate court affirmed the judgment. (Ex. A.) Petitioner filed a petition for
4  review in the California Supreme Court, but the petition was denied on March 27, 2002. (Ex. B.)

5        Petitioner filed three[2] post-conviction collateral challenges with respect to the judgment in
6  the state courts, all petitions for writ of habeas corpus, as follows:

7      1.    <u>Fresno County Superior Court</u>
      Filed: January 30, 2003[3];
8          Denied: March 25, 2003;

9      2.    <u>California Court of Appeals, Fifth Appellate District</u>
      Filed: April 22, 2003;
10         Denied: September 11, 2003;

11     3.    <u>California Supreme Court</u>
      Filed: December 11, 2003;
12         Denied: October 27, 2004.

13 (Exs. C-F.)

14       On January 6, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in
15 this Court. On May 15, 2009, Respondent filed a motion to dismiss the petition as being filed outside
16 the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed his opposition
17 to Respondent's motion to dismiss on June 16, 2009. Respondent did not file a reply.

18       Also pending before the Court is Petitioner's motion to amend the petition to include
19 additional claims, which was filed on March 24, 2009.

20                            **DISCUSSION**

21 A.  Procedural Grounds for Motion to Dismiss

22       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
23 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

---

25      [2]Respondent incorrectly states there were only two state habeas petitions; however, there is within Exhibit C a copy
26  of an order issued by the Fresno County Superior Court denying habeas relief.

27      [3]Pursuant to the mailbox rule set forth in <u>Houston v. Lack</u>, the Court deems the several habeas petitions filed on the
    date Petitioner signed them and presumably handed them to prison authorities for mailing, as opposed to the date of their
28  receipt by the court clerk. <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* <u>Houston v. Lack</u>, 487 U.S. 266, 276,
    108 S.Ct. 2379, 2385 (1988).

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on January 6, 2009, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on March 27, 2002. Thus, direct review concluded on June 25, 2002, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year until June 25, 2003, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until January 6, 2009, over five-and-a-half years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on June 26, 2002. Petitioner filed his first state habeas petition in the Fresno County Superior Court on January 30, 2003. At that point, 218 days of the limitations period had expired. The statute of limitations was then tolled for the time the petition was pending until it was denied on March 25, 2003. Petitioner then filed a habeas petition in the appellate court 28 days later on April 22, 2003. Because Petitioner did not unduly delay, this interval is also tolled as is the time the second petition was pending. The appellate court denied the petition on September 11, 2003. Petitioner did not then timely file his next petition. Pursuant to the Supreme Court's rulings in Saffold and Chavis, Petitioner is only entitled to tolling for this interval if Petitioner did not unreasonably delay. Saffold, 536 U.S. at 225; Chavis, 546 U.S. at 197. Here, he delayed 91 days before filing his habeas petition in the California Supreme Court. The delay is greater than the short period of time of 30 to 60 days provided by most States for filing an appeal and is therefore unreasonable. Chavis, 546 U.S. at 201. Accordingly, Petitioner is not entitled to statutory tolling for the interval between the second and third petition, or for the time the untimely third petition was pending. With 147 days remaining, the limitations period expired on February 6, 2004. Thus, the instant petition is untimely by nearly five years.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner argues he should be excused from the statute of limitations because he is actually innocent. He claims a fundamental miscarriage of justice will occur if the court fails to consider his claims. Neither the Supreme Court nor the Ninth Circuit has addressed whether there is an actual innocence exception to a violation of section 2244(d)'s limitation period. But even if the Court were to conclude that an actual innocence exception to a violation of the limitations period exists, Petitioner has not met the standard for actual innocence.  Petitioner must show that the alleged constitutional error "has probably resulted in the conviction of one who is actually innocent." Bousley v. United States, 523 U.S. 614, 623 (1998), *quoting*, Murray v. Carrier, 477 U.S. 478, 496 (1986).   Petitioner must demonstrate that in light of the evidence no reasonable juror would have found him guilty. Schlup v. Delo, 513 U.S. 298, 329 (1995).  Petitioner presents no such evidence in this case.

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. The factual basis for his claim that appellate counsel failed to raise proper arguments on appeal became known or could have been discovered by Petitioner during direct appeal. Further, the case Petitioner relies on and the one he argues appellate counsel failed to raise, to wit, United States v. Tighe, 266 F.3d 1187 (2001), was issued on September 24, 2001. Indeed, Petitioner raised multiple grounds of ineffective assistance of appellate counsel in his state habeas petitions. Nevertheless, he delayed nearly five years after his round of state collateral review before seeking his federal remedies. Therefore, he fails to demonstrate diligence.

As there exists no circumstances sufficient to justify equitably tolling the limitations period, the petition is untimely and should be dismissed.

E.  Motion to Amend to Include Additional Claims

Petitioner has also filed a motion to amend his petition to include additional claims. For the same reasons discussed above, the additional claims are untimely. Therefore, the motion to amend should also be dismissed.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that Respondent's motion to dismiss be GRANTED, and the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE for

violating the statute of limitations. The Court also RECOMMENDS that Petitioner's motion to amend be DENIED.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 8, 2009**           /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE